**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LAVAR BROWN, | : | THIS IS A |
| Petitioner, | : | CAPITAL CASE |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| JOHN E. WETZEL, et al., | : | No. 10-5553 |
| Respondents. | : | |

### MOTION FOR LEAVE TO WITHDRAW JOINT MOTION

In May 2021, the Commonwealth agreed with petitioner Lavar Brown that he was due relief from his death sentence based on Claim VII of his habeas petition. The parties filed a joint motion for sentencing relief, which was based on a joint stipulation of facts. ECF Nos. 33 (motion) & 33-1 at 4–17 (stipulation). The Court has never adopted the stipulation, and the case has been stayed since February 2021. ECF No. 29.

Undersigned counsel has concluded that the stipulation does not align with the current practice of the Philadelphia District Attorney's Office ("DAO"), which represents the Commonwealth in this case. Because the Court has not acted on the stipulation, the Commonwealth respectfully requests leave to withdraw its participation in the stipulation. *Cf.* 5 *Fed. Prac. & Proc. Civ.* § 1194 (4th ed. May 2025) ("the ability to amend the motion is left to the discretion of the trial judge"). The Commonwealth requests that this matter remain stayed while Brown litigates his successive PCRA petition in state court.

Factual stipulations are "formal concessions that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the

fact." *Christian Legal Soc. Chapter of the Univ. of California, Hastings Coll. of the L. v. Martinez*, 561 U.S. 661, 677–78 (2010) (cleaned up). Such stipulations "are an integral and valuable part of our judicial system" and "courts should encourage" them when they are proper. *Commonwealth v. Perrin*, 291 A.3d 337, 344 (Pa. 2023). That said, stipulations may be improper if they "intrude[] on the jurisdiction or prerogative of the court," such as stipulations that dictate legal conclusions. *Perrin*, 291 A.3d at 346; *see also Wharton v. Superintendent Graterford SCI*, 95 F.4th 113, 125 (3d Cir. 2024); *cf. Commonwealth v. Brown*, 196 A.3d 130, 144–46 (Pa. 2018).

The stipulation here appears to stipulate to various legal conclusions, none of which would bind the Court.[1] For instance, in paragraphs 26 through 41, under the heading "additional stipulations," the joint filing attempts to stipulate that: (1) Brown's counsel was deficient; (2) Brown was prejudiced by his counsel's deficiency; and (3) the state court's denial of the claim was based on an unreasonable determination of the facts and unreasonably applied clearly established federal law. Deficient performance and prejudice are the legal conclusions that must be shown to make out an ineffective-assistance claim. *See Strickland v. Washington*, 466 U.S. 668, 688–94 (1984). Similarly, whether the state court's ruling is an unreasonable application of federal law is a legal conclusion. Because stipulating to these conclusions "intrude[s] upon the jurisdiction and prerogative of the court," they are not amenable to stipulations that would bind the court. *Perrin*, 291 A.3d at 345–46;

---

[1] The joint motion does make clear that legal concessions do not bind the Court. ECF No. 33 at 6. Nonetheless, the stipulations themselves appear to stipulate to legal conclusions.

*see also Wharton*, 95 F.4th at 125; *Woerner v. Fram Group Operations, LLC*, 658 Fed. App'x 90, 94 n.4 (3d Cir. 2016) (non-precedential) (noting that parties generally "cannot stipulate to [an] ultimate legal conclusion").

Proceeding by way of stipulations is also incompatible with current DAO practice. The Third Circuit Court of Appeals has cautioned against such joint motions resting on joint stipulations in post-conviction cases. *See Johnson v. Mahanoy*, 144 F.4th 178, 183–84 (3d Cir. 2025). Indeed, the Third Circuit has expressly approved a lower court order requiring prosecutors to accompany any agreements to relief with "a full, balanced explanation of the facts." *See Wharton v. Superintendent Graterford SCI*, 95 F.4th 140, 151 (3d Cir. 2024). In light of this guidance, the DAO's current practice is to file a fulsome merits response in every case, above and beyond the floor set by the Third Circuit in *Wharton*. This practice applies both when the DAO opposes relief and when the DAO agrees that some form of relief is due. In line with that practice, the DAO no longer proceeds by way of a factual stipulation and/or joint motion, unless requested by a particular judge. To that end, undersigned counsel are currently reviewing any pending matter in which, similarly to this case, a joint motion resting on joint stipulations has been filed, with plans to withdraw all such pending motions.[2]

---

[2] The undersigned informed Brown's counsel of the Commonwealth's intention to file this motion, and counsel took no position on the motion.

**WHEREFORE**, for good cause shown, the Commonwealth respectfully requests that the Court grant leave to withdraw the joint motion and accompanying stipulations, ECF Nos. 33 and 33-1, and requests that this matter remain stayed while Brown litigates his successive PCRA petition in state court.

Respectfully submitted,

/s/
_____

KATHERINE ERNST
Supervisor, Law Division
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
Email: katherine.ernst@phila.gov
(215) 686-8000

/s/
_____

DAVID J. NAPIORSKI
Assistant Supervisor, Law Division
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
Email: david.napiorski@phila.gov
(215) 686-8000

# CERTIFICATE OF SERVICE

I, Katherine Ernst, certify that on October 6, 2025, I served a copy of this response on all counsel of record via the Court's CM/ECF system.

_____/s/_____
KATHERINE ERNST
Supervisor, Law Division
Philadelphia District Attorney's Office
Three South Penn Square
Philadelphia, PA 19107
Email: david.napiorski@phila.gov
(215) 686-8000
